FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50055 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-02347-WQH-2 |
| v. | |
| JOSE ALBERTO TAMAYO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted February 17, 2012[**]
Pasadena, California

Before: FARRIS and W. FLETCHER, Circuit Judges, and KORMAN, Senior
District Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]   The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for Eastern New York, sitting by designation.

Tamayo was convicted of transporting an alien within the United States in violation of the law and of conspiracy to transport an alien. He argues that there was insufficient evidence to prove that he was not just a passenger for the first charge and insufficient evidence connecting him to the conspiracy for the second. He also argues that the district court improperly instructed the jury about the overt acts for the conspiracy charge. Tamayo argues that a general unanimity instruction and a verdict form requiring only a general verdict could therefore have allowed the jury to render a verdict based on an invalid overt act.

This court reviews *de novo* claims of insufficient evidence. *United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir. 2003). "[E]vidence establishing beyond a reasonable doubt defendant's connection with the conspiracy, even though the connection is slight, is sufficient to convict defendant of knowing participation in the conspiracy." *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1266 (9th Cir. 1998), quoting *United States v. Penagos*, 823 F.2d 346, 348 (9th Cir.1987). Tamayo's connection to the conspiracy, not the conspiracy itself, was the only issue here. At trial, the illegal alien testified that he heard a man's voice telling him to get in the vehicle, to get down inside the vehicle, and to run when the vehicle stopped. Testimony established that Tamayo was the only man in the vehicle. Further, the alien testified that Tamayo attempted to intimidate him before

2

testifying at a deposition. Viewing the evidence in the light most favorable to the prosecution, a rational jury could have found Tamayo guilty beyond a reasonable doubt. *Odom*, 329 F.3d at 1034.

Tamayo also argues that there was insufficient evidence for a jury to find intent to assist in the transportation of an illegal alien. *See United States v. Sayetsitty*, 107 F.3d 1405, 1412 (9th Cir. 1997). Viewing the above evidence in the light most favorable to the prosecution, a rational jury could have found Tamayo guilty beyond a reasonable doubt of this charge. *Odom*, 329 F.3d at 1034.

Review of the instruction as to the first overt act—not objected to at trial—is for plain error, *United States v. Fagan*, 996 F.2d 1009, 1016 (9th Cir. 1993), while review of the instruction as to the second overt act is for abuse of discretion as to the existence of a factual foundation and *de novo* as to legal questions, *United States v. Hairston*, 64 F.3d 491, 493-494 (9th Cir. 1995).

The overt act necessary to show that a conspiracy is operative should be an act done in furtherance of the conspiracy, but it need be neither a criminal act nor the crime that is the object of the conspiracy. *Blumenthal v. United States*, 158 F.2d 883, 888-9 (9th Cir. 1946). Although the first overt act was an element of a dropped charge, it may serve as the required overt act for the conspiracy charge. It

3

showed that the conspiracy was operative, was performed in furtherance of the conspiracy, and had a connection to the crime. There was no plain error.

Tamayo argues that the second overt act was performed by others and did not connect him to the crime. A conspirator agrees to all his coconspirators' acts and is responsible for them. *United States v. Nelson*, 66 F.3d 1036, 1044 (9th Cir. 1995). There was sufficient factual foundation for the second act, and it was an overt act performed in furtherance of the conspiracy. There was no invalid overt act upon which the jury might have based its verdict and no reversible error as to the general verdict form.

**AFFIRMED.**